IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Erin Proctor, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:19cv275 (TSE/MSN) |
| ) | |
| Israel Hamilton, et al., ) | |
|     Defendants. ) | |

MEMORANDUM OPINION & ORDER

Under consideration is a motion to dismiss filed by defendants Israel Hamilton and John Walrath.[1] See Dkt. No. 34. In the operative complaint [Dkt. No. 26 (hereinafter abbreviated as "Compl.")], plaintiff broadly asserts that defendants violated his Fourteenth Amendment Due Process rights when they improperly found him guilty at a prison disciplinary hearing. See Compl. Defendants assert that plaintiff has failed to state a viable claim for relief and that they are entitled to qualified immunity even if he has. See Dkt. No. 35. For the reasons explained below, defendants' motion to dismiss must be granted, and this action dismissed.

I. Background

The following allegations are assumed true for the purpose of ruling of defendants' motion to dismiss. On August 9, 2018, at Sussex I State Prison ("SISP"), plaintiff received a disciplinary charge for "being in an unauthorized area." Compl. ¶ 1. One week later, on August 16, 2018, defendants Mayo and Fairman conducted a disciplinary hearing relevant to the charge. Plaintiff was not present at the hearing; he had been summoned to the law library by Correctional Officer Phillips at the time the hearing occurred. Id. at ¶ 2. Mayo and Fairman found plaintiff

---

[1] Two additional defendants—Correctional Officers Mayo and Fairman—were not successfully served with the amended complaint and thus do not join the instant motion.

guilty of the charge and assessed him a $10.00 fine. Id. at ¶ 3. Officer Phillips later stated to the hearing officers that plaintiff was not at the library, but was participating in recreation at the time of the hearing. Id.

On August 24, 2018, plaintiff appealed the guilty finding to defendant Hamilton, who upheld the conviction. Id. at ¶ 4. Plaintiff then appealed to defendant Walrath, who found that the evidence did not support the conviction and thus reduced the charge to "aiding and abetting another to commit being in an unauthorized area." Id. at ¶ 5.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A plaintiff must therefore allege facts in support of each element of each claim he or she raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Iqbal, 566 U.S. at 678.

## III. Analysis

Plaintiff argues that defendants Mayo and Fairman violated his right to due process when they found him guilty of a disciplinary charge at a hearing where he was not present and was

2

thus unable to call witnesses and present evidence. See Compl. ¶ 7. He argues that defendant Hamilton erred in upholding the conviction without conducting an investigation. Id. Finally, he asserts that defendant Walrath violated his rights by reducing the severity of plaintiff's charge without first providing "advance written notice of the [amended] charge, a hearing, the right to call witnesses and present evidence." Id. at ¶ 8. Plaintiff is incorrect.

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life, liberty, or property without due process of law. See U.S. Const. amend. XIV, § 1. Consequently, "[t]o state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). Prisoners possess a liberty interest only in (1) state-created entitlements to early release from incarceration, see Bd. of Pardons v. Allen, 482 U.S. 369, 381 (1987), and (2) being free from conditions that "impose[] atypical and significant hardship ... in relation to the ordinary incidents of prison life," see Sandin v. Connor, 515 U.S. 472, 484 (1995). Meanwhile, a deprivation of property by state officials "offends due process only where the procedural protections afforded by officials are insufficient to ensure that deprivations under the policy are lawful." See DePaola v. Clarke, No. 7:17cv28, 2019 WL 1370882, at *7 (E.D. Va. Mar. 26, 2019) (citing Zinermon v. Burch, 494 U.S. 113, 128 (1990)). Where a plaintiff fails to identify a protectable liberty or property interest that is placed in jeopardy by a defendant's actions, he fails to establish that he is owed any level of procedural protection. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty [or property] interest").

3

Plaintiff has failed to allege facts that show he was stripped of a cognizable liberty or property interest and has thus failed to state a viable due process claim. Plaintiff first asserts that he was entitled to attend his disciplinary hearing and to call witnesses on his behalf. In being denied such rights, he claims to have been "denied his liberty interest of procedural and substantive due process of law." See Compl. ¶ 5. Plaintiff's belief is understandable, if mistaken. This is so because in Wolff v. McDonnell, 418 U.S. 539, 566 (1974), the Supreme Court held that inmates are, in certain circumstances, owed written notice of disciplinary charges raised against them, an opportunity to call witnesses and present documentary evidence at a related disciplinary hearing, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-67. But, as alluded to above, the procedures outlined in Wolff are not themselves liberty interests; they are merely protections afforded to inmates whose cognizable liberty interests are denied. Thus, the inability to attend one's disciplinary hearing does not, standing alone, constitute a due process violation. Cf. Spaley v. Spaventa, No. 5:17-cv-201-FDW, 2020 WL 370050 (W.D.N.C. Jan. 22, 2020) (finding plaintiff's claim that he "was not allowed to attend" his disciplinary hearing immaterial to due process claim where plaintiff had not been stripped of a protected liberty or property interest at disciplinary hearing.).

Nor did the $10.00 fine imposed upon plaintiff—whether viewed as a deprivation of liberty *or* property—trigger the need for procedural due process protections. Indeed, "small monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and are not constitutionally protected interests under the Due Process Clause." Roscoe v. Mullins, No. 7:18cv132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting summary judgment in

4

defendants' favor as to the due process claim where the only penalty imposed was a $15 penalty), aff'd, No. 19-7343 (4th Cir. Nov. 12, 2020); see also Graham v. Stallard, No. 7:17cv35, 2020 WL 5778790, at *19 (W.D. Va. Sept. 28, 2020) ("[T]he fine imposed on Graham for these two disciplinary convictions did not place any atypical and significant hardship on him ... [and thus] did not trigger due process protections."). Like the plaintiffs in the cases just cited, Proctor was subjected only to a small fine, one of $10—a penalty that is insufficient to give rise to a protected liberty interest in the context of prison life under the rationale of Sandin.[2]

Viewed in the context of a deprivation of property, plaintiff's claim still fails. This is so because Virginia's provision of adequate post-deprivation remedies forecloses such a claim. See Wilson v. Molby, No. 1:12cv42, 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012); Henderson v. Virginia, No. 7:07cv266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008).

It is thus clear that plaintiff has failed to allege that he was denied a cognizable liberty or property interest. He thus has failed to demonstrate that he was entitled to procedural due process protections. Because the logic and authority invoked above apply equally to the claims

---

[2] Although the Fourth Circuit has not yet spoken directly on this issue, some courts have questioned whether Sandin's analysis—requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest—applies in the context of property deprivations, given that Sandin addressed whether a particular deprivation implicated a *liberty* interest. See Anderson v. Dillman, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions). In particular, the Anderson court noted that cases from the Sixth and Tenth Circuits have applied Sandin in the context of property rights, while the Third and Fifth Circuits have stated Sandin does not control in a case involving a property interest. Anderson, 824 S.E.2d at 483 & n.4 (collecting authority); see also Steffey v. Orman, 461 F.3d 1218, 1222 n.3 (10th Cir. 2006) (identifying the Second and Fifth Circuits as holding that Sandin applies only to liberty interests and the Sixth and Ninth Circuits as suggesting, but not holding, the same). The Fourth Circuit indicated, albeit in an unpublished decision, that Sandin is applicable in this context when it applied Sandin to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job." Backus v. Ward, 151 F.3d 1028, 1998 WL 372377, at *1 (4th Cir. 1998) (unpublished).

raised against the unserved defendants (Fairman and Mayo), the claims against them shall also be dismissed through this Order. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted.").

### IV. Conclusion and Order

For the reasons stated above, defendants' motion to dismiss [Dkt. No. 34] is GRANTED such that the claims against defendants Hamilton and Walrath be and are DISMISSED WITH PREJUDICE for failure to state a claim; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e), the claims against defendants Mayo and Fairman be and are DISMISSED WITH PREJUDICE for failure to state a claim.

To appeal this decision, plaintiff must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment against plaintiff and in favor of defendants Hamilton, Walrath, Mayo, and Fairman. The Clerk is further directed to send copies of this Memorandum Opinion & Order to plaintiff and counsel of record for defendants.

Entered this 5th day of January 2021.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge